Dear Executive Director Campbell,
¶ 0 This office has received your request for an official Opinion in which you asked the following question:
Is the transfer of the ownership of the assets of a dentalpractice to a charitable remainder trust, as defined under26 U.S.C. § 664 of the Internal Revenue Code, of which the solebeneficiary is a licensed dentist, a permissible transfer underthe State Dental Act?
¶ 1 This Opinion addresses the scenario presented in your letter which specifically provides that the dentist shall remain in practice after the creation of the trust. The dentist would receive income from the trust for life. Upon the dentist's death, should the dentist predecease his/her spouse, the spouse would receive income from the practice. However, upon the dentist's death and as provided by the trust document, the practice would be sold to a licensed dentist and the proceeds of the sale will be placed in a fund or account other than a dental practice. Neither the spouse nor the trust would operate the practice either during the life of or after the death of the dentist. The spouse has no financial interest in this scenario except that which is had as the spouse of the dentist.
¶ 2 The Oklahoma State Dental Act, 59 O.S. 1991 and Supp.1996, §§ 328.1-328.51a ("the Act") permits dentists to create professional entities for the practice of dentistry:
 A. Professional entities formed pursuant to the Professional Entity Act, for the purpose of rendering professional services by a dentist, shall be subject to all of the provisions of the State Dental Act, except that professional entities shall not be required to obtain a license from the Board of Dentistry. Individuals who hold a license issued by the Board shall be responsible, pursuant to the State Dental Act, for their personal conduct without regard to the fact that they are acting as an owner, manager, agent or employee of, or the holder of an interest in, a professional entity.
 B. Professional entities formed for the purpose of rendering professional services by a dentist must register with the Board before rendering such services and must update the registration during June of each year.
59 O.S. Supp. 1996, § 328.31[59-328.31].
¶ 3 Dental offices, whether or not registered as professional entities, such as a professional corporation, 18 O.S. 1991 andSupp. 1996, §§ 801-819, or a limited liability company, 18 O.S.Supp. 1996, §§ 2000-2060[18-2000-2060], cannot be operated other than by licensed dentists. The Act prohibits the unlicensed practice of dentistry. 59 O.S. 1991, § 328.21[59-328.21]. Further, the Act specifically provides that a person who owns, maintains or operates a dental office or offices by holding a financial interest in an office or offices for the practice of dentistry is deemed to be practicing dentistry, and therefore is required to have obtained a license. Id. 59 O.S. 1991, § 328.19[59-328.19].
¶ 4 A charitable remainder trust is a device by which the owner of property may pledge assets to a charitable organization and receive favorable tax benefits but continue to receive income from the trust during the owner's life. See, generally,26 U.S.C. § 664 of the Internal Revenue Code. The beneficiary has no immediate right to the property of the trust, but the donor may not revoke the trust. Id. Oklahoma law likewise provides a framework for the establishment and existence of trusts. 60 O.S.1991 and Supp. 1996, §§ 175.1-175.56. Upon the creation of a trust, ownership of the trust property is, in essence, split. The original owner maintains legal title to the trust property while the beneficiary gets equitable title to the trust property. SeeIn re Turner, 134 B.R. 646, 650 (Bankr. N.D. Okla. 1991).
¶ 5 In the question posed by the Oklahoma Board of Dentistry ("the Board"), it has been proposed by a licensed dentist to create a charitable remainder trust from the assets of the dentist's practice. As noted above, the dentist will receive the income from the practice for life. After the dentist's death, should the dentist predecease his/her spouse, the spouse will receive the income from the assets. The trust document will provide that following the dentist's death, the practice would be sold and assets placed in a fund or account other than a dental practice. Following the death of the spouse, the assets of the trust will go to the designated charity.
¶ 6 A strict and narrow reading of Section 328.19 would lead to the conclusion that the scenario set forth in the question violates this section, in that the beneficiary of the trust will become the equitable owner of the trust property which includes the dental practice. Nevertheless, it stretches the expressed intent of Section 328.19 to conclude that the Legislature had in mind the prohibition of an otherwise legitimate estate planning mechanism. Thus, it is proper to apply rules of statutory construction. We note that "a statute should be given a sensible construction, bearing in mind the evils intended to be avoided."AMF Tubescope v. Hatchel, 547 P.2d 374, 379 (Okla. 1976). Further, the Legislature "will not be presumed to have intended an absurd result." Such a construction will be avoided if it can be done without violating legislative intent. TXO ProductionCorp. v. Oklahoma Corporation Commission, 829 P.2d 964, 969
(Okla. 1992).
¶ 7 It is evident that the intent of 59 O.S. 1991, § 328.19[59-328.19]
was to prohibit the unlicensed practice of dentistry for the protection of the health, safety and welfare of the public. There is no indication whatsoever that the Legislature intended to restrict legitimate estate planning, even as set forth in the scenario presented. A trust creates only an equitable interest, albeit one which can be enforced in a district court. The existence of a trust does not have an impact on the daily activities of the legal owner of the trust, who is asserted to be a licensed dentist. It would be absurd to determine the Legislature intended to prohibit a vehicle for estate planning in the guise of the prohibition of the unlicensed practice of dentistry. This conclusion does no violence to the spirit of Section 328.19. The Board may still protect the public by enforcing the prohibition against those who practice without a license. The enforcement of Section 328.19 against a charitable remainder trust would lead to an absurd conclusion.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 In the scenario presented in your letter a dentist placesassets, including a dental practice, in a charitable remaindertrust, remains in practice after the creation of the trust andreceives income from the trust for life; upon the dentist'sdeath, and as provided in the trust document should the dentistpredecease his/her spouse, the spouse will receive income fromthe practice, the practice shall be sold to a licensed dentistand the proceeds of the sale will be placed in a fund or accountother than a dental practice. In the described scenario, thetransfer of the ownership of the assets of a dental practice to acharitable remainder trust, as defined under 26 U.S.C. § 664 inthe Internal Revenue Code, of which the sole beneficiary is alicensed dentist, is a permissible transfer under the StateDental Act. 59 O.S. 1991, § 328.19[59-328.19]. We note specifically,however, neither the spouse nor the trust would operate thepractice after the death of the dentist. The spouse shall have nofinancial interest in this scenario except that which is had asthe spouse of the dentist.
 This Opinion is limited to the facts presented. Any change tothe facts presented may negate the application of this Opinion.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL